UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony W. Sheppard, | ) C/A No. 3:13-402-CMC-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Richland County General Sessions; Richland County Sheriff; Richland County Solicitor's Office; Horry County Magistrate Court, Police Dept, Solicitor's Office and Family Court, | ) ) ) Report and Recommendation ) |
| | ) |
| Defendants. | ) |
| | ) |

Anthony W. Sheppard ("Plaintiff"), a self-represented litigant, brings this action alleging that he was "wrongfully charged and prosecuted in 3 counties" and wrongfully imprisoned. Complaint p. 4. Plaintiff seeks an order directing the Defendants to "destroy all records and grant [Plaintiff's] expungement." *Id.* at 5. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where a complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504

U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff's Complaint is insufficient to state a claim upon which relief may be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555.

Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570) (citations omitted); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir.2003). Plaintiff's statement of claim is limited to one sentence: "I was wrongfully charged and prosecuted in 3 counties and wrongfully in prisoned [sic] now I want and demand all records be destroyed and expunged." Complaint p. 4. This conclusory statement is insufficient to state a claim and, thus, dismissal is appropriate.

In addition, even if Plaintiff had set forth allegations sufficient to satisfy Rule 8, dismissal of this case is appropriate for other reasons as well.  First, Plaintiff names several Defendants who are immune from suit under § 1983.  The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court.  *See Alden v. Maine*, 527 U.S. 706, 712-13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) (the Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."); *Hans v. Louisiana*, 134 U.S. 1 (1890).  Such immunity extends to arms of the state, including a state's agencies and instrumentalities.  *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *see also Regents of the Univer. of California v. Doe*, 519 U.S. 425, 429 (1997).  In South Carolina, a County Sheriff is considered an agency of the state. *See Carroll v. Greenville County Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff's office is suit against the state); *Gulledge v. Smart*, 691 F. Supp. 947, 954–55 (D.S.C. 1988).  In addition, several federal courts have concluded that state courts are entitled to Eleventh Amendment immunity.  *See Taylor v. Fourteenth Judicial Circuit of General Session Court*, C/A No. 2:10-2496-CMC-BM, 2010 WL 4818539 at \*2 n. 1 (D.S.C. Oct. 15, 2010)*; Stegeman v. Georgia*, C/A No. 1:06-2954-WSD, 2007 WL 2071542, at \*7  n. 22 (N.D.Ga. July 16, 2007)*; Young v. Ottawa County Circuit Court*, C/A No. 1:06-709, 2007 WL 1712608, at \*3 (W.D. Mich. June 12, 2007); *Robinson v. Court of Common Pleas of Philadelphia County*, 827 F. Supp. 1210, 1211–12 (E.D. Pa. 1993)(collecting cases).  The Richland County General Sessions Court, the Horry County Family Court and the Horry County Magistrate Court are courts within the State of South Carolina's unified judicial system. *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be

vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271 (1989); *Spartanburg County Dept. of Soc. Servs. v. Padgett*, 296 S.C. 79, 370 S.E.2d 872 (1988); *Cort Indus. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445 (1975). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[1] Because the Richland County Court of General Sessions, Richland County Sheriff, Horry County Magistrate Court and Horry County Family Court are protected from Plaintiff's claims by the Eleventh Amendment, these Defendants should be summarily dismissed from this case.

Next, Plaintiff sues the Richland and Horry County Solicitors' Offices. However, prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272–73 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Liberally construed, the Complaint alleges that actions taken by the Solicitors' Offices in the prosecution of Plaintiff's criminal case resulted in a wrongful conviction and imprisonment. ECF No. 1 at 4. As Plaintiff's claims regarding the prosecution of his criminal case are barred from suit under § 1983, Defendants Richland County Solicitor's Office and Horry County Solicitor's Office should be summarily dismissed from the instant action.

---

[1] To the extent Plaintiff moves under 42 U.S.C. § 1983, Congress has not abrogated the states' sovereign immunity under that Statute. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). Further South Carolina has not consented to suit in federal district court. S.C. Code Ann § 15-78-20(e).

5

Finally, Plaintiff also names the Horry Police Department. To the extent this Defendant is a state agency, it is likewise immune from suit in this case. Further, to the extent Plaintiff names this Defendant as a municipal entity, the case is still subject to summary dismissal. Municipal liability is based on execution of a governmental policy or custom, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978), and a municipality may not be held liable under § 1983 solely because it employs the tort-feasor. Instead, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff injury. *Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997); *Kirby v. City of Elizabeth City, North Carolina,* 388 F.3d 440, 451 (4th Cir. 2004). The Complaint fails to identify a policy or custom of Horry County, or any police department thereof, which caused Plaintiff's federal rights to be violated. Therefore, Plaintiff fails to state a cognizable § 1983 claim against Defendant Horry County Police Department.

## Conclusion

Accordingly, for the reasons set forth above, it is recommended that the Complaint be dismissed *without prejudice* and without issuance and service of process.

IT IS SO RECOMMENDED.

|  |  |
|---|---|
| March 27, 2013 | s/Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).